

# THE ATTORNEY GENERAL
## OF TEXAS

PRICE DANIEL                    AUSTIN, TEXAS
ATTORNEY GENERAL

October 1, 1947

Hon. Bayne Satterfield,
Firemens' Pension Commissioner,
Capitol Station,
Austin, Texas            Opinion No. V-393

                         Re:  The period to be covered by
                              contributions of cities to
                              the Firemens' Relief and Re-
                              tirement fund in accordance
                              with S. B. 84, 50th Leg.

Dear Sir:

        You propound to this Department for an opinion
the following question:

        "Senate Bill No. 84 enacted during the
    regular session of the Fiftieth Legislature
    provides that cities having paid firemen who
    pay into the Firemens' Relief and Retirement
    Fund, shall donate an equal amount into that
    fund.  The Act is effective on May 13, 1947.

        "This question arises:  Should such
    cities pay an amount into the Fund at the
    end of the year 1947 equal to the amount the
    firemen paid in during the entire year or
    should it pay into the Fund an amount equal
    to the amount the firemen paid into the Fund
    from May 13, 1947 to the end of the year.  In
    other words is the Act retroactive to January
    1, 1947, insofar as the city paying into the
    Fund is concerned, or should it begin as of
    May 13, 1947."

        Senate Bill No. 84 merely amended House Bill No.
258, chapter 125 of the 45th Legislature, Regular Session
(1937) by adding a new section designated Section 10a. This
added section is as follows:

        "All cities having full paid firemen
    where Firemen's Relief and Retiremen Funds

have been created under the provisions
of this Act, shall annually contribute
and appropriate to such fund an amount
equal to the annual contributions made
by such fully paid firemen under the
provisions of this Act, which such con-
tributions shall not exceed the sum of
three (3%) per centum of the Fire De-
partment's annual payroll, and such
cities shall deposit the same to the
credit of the Firemen's Relief and Re-
tirement Fund to be used with other mon-
eys in said fund for the benefits pro-
vided for under the provisions of this
Act."

This amendment was caused by the holding in
American Alliance Insurance Co. v. Board of Insurance Com-
missioners, 126 S.W. (2d) 741 (writ refused) upsetting for
constitutional reasons the scheme of the original Act for
financing the Firemens' Relief and Retirement System.  A
new method became necessary.and it was the intention of
the Legislature that Section 10a should serve the purpose.

Upon the effective date of Senate Bill No. 84,
Section 10a became an integral part of House Bill No. 258
of the 45th Legislature.  This is not only the usual legal
effect of an amendment adding or subtracting a section or
provision, but it is accentuated by the repeated references
in Section 10a to "this Act" meaning of course House Bill
No. 258 as thus amended.  This conclusion is further accen-
tuated by the indisputable fact that under the holding in
the decision above cited, the purpose of the original bill
would have failed for the want of a necessary plan of finan-
cing the system.

When the amended Act is read and construed as a
whole in accordance with the familiar rules of statutory
construction, Senate Bill No. 84 is not obnoxious to Section
16 of Article 1 of the Constitution forbidding ex post facto
and retroactive laws.  Further, it appears the Legislature
contemplated that the amended Act should be construed and
administered in every respect as originally contemplated
save only as to the method of financing the undertaking. It
follows, we think, that under Senate Bill No. 84 after its
effective date, all cities coming within the purview of the
statute should annually contribute and appropriate to such
fund an amount equal to the annual payments made by firemen
under the Act, regardless of whether such payments were made

before or after the effective date of Senate Bill No. 84.  This is indispensable to a proper result as contemplated by the Legislature.

This construction of Senate Bill No. 84 does, of course, permit the amendment to be predicated upon past acts or fact situations as a basis for administering the Act.  But this is permissible and in nowise offends any constitutional limitation.  Byrd v. City of Dallas, 6 S.W. (2d) 738.  50 Am. Jur. p. 493, § 476.

## SUMMARY

House Bill No. 258 of the 45th Legislature, Regular Session, as amended by Senate Bill No. 84 of the 50th Legislature, Regular Session, requires all cities coming within its purview to appropriate such an amount as will equal the annual payments made during the current year by firemen to the fund created, whether such payments were made before or after May 13, 1947, the effective date of Senate Bill 84.  Byrd v. City of Dallas, 6 S. W. (2d) 738.  50 Am. Jur. p. 493, § 476.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  Ocie Speer
Ocie Speer
Assistant

OS:wb

APPROVED:

Fagan Dickson
FIRST ASSISTANT
ATTORNEY GENERAL